UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DEVIN PAUL COLE, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-290 |
| § | |
| PHILEMON D. CHANG, MD, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER OF DISMISSAL

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently confined at the Garza West Unit in Beeville, Texas. He filed this prisoner civil rights action on September 13, 2013 (D.E. 1), and sought leave to proceed *in forma pauperis* ("i.f.p."). (D.E. 2). For the reasons stated herein, plaintiff's application to proceed i.f.p. is denied, and the case is dismissed without prejudice.

### I. Three strikes rule.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule

provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

## II. Plaintiff's litigation history.

Plaintiff has had at least seven prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. In the Eastern District of Texas, Beaumont Division, plaintiff acquired four strikes: See Cole v. Bush, et al., Case No. 1:99-cv-337 (E.D. Tex. Jul. 30, 1999) (first strike); Cole v. Brent, et al., Case No. 1:91-cv-004 (E.D. Tex. Apr. 23, 1991) (second strike); Cole v. Moore, et al., Case No. 1:99-cv-558 (E.D. Tex. Sept. 7, 1999) (third strike); and Cole v. Summerlin, et al., Case No. 1:99-cv-559 (E.D. Tex. Sept. 9, 1999) (fourth strike). While located in the Southern District of Texas, Houston Division, plaintiff accrued three more frivolous filing strikes: Cole v. King, et al., Case No. 4:99-cv-2156 (S.D. Tex. Oct. 21, 1999) (fifth strike); Cole v. Bush, et al., Case No. 4:99-cv-2548 (S.D. Tex. Oct. 21, 1999) (sixth strike); and Cole v. Bush, et al., Case No. 4:99-cv-2596 (S.D. Tex. Oct. 25, 1999) (seventh strike). In addition, the Fifth Circuit dismissed the appeal of Case No. 4:99-cv-2548 based on plaintiff's three-strikes bar, see Cole v. Bush, et al., No. 99-21126 (5th Cir. June 15, 2000), and in 2010, the Houston district court dismissed plaintiff's lawsuit noting the three-strikes bar. See Cole v. Guice, et al., Case No. 4:10-cv-829 (S.D. Tex. Mar. 23, 2010). Plaintiff is now barred from proceeding i.f.p. in a prisoner civil rights action unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

### III. Imminent danger.

In the instant lawsuit, plaintiff is suing defendants for deliberate indifference to his serious medical needs. (D.E. 1 at 5). He claims that he arrived at the Garza Unit on August 14, 2013, and was suffering from a "left inguinal hernia" as well as "colon, prostate, rectal, and lymph node cancer." Id. On August 16, 2013, plaintiff was seen by Dr. Chang and Physician's Assistant Ogunlade, and he was prescribed Tylenol and Naproxen. Id. at 7. Plaintiff contends that this pain medication was not adequate and that he needed stronger pain medication. Id. at 5, 7. He claims that on August 15, 2013, Nurse Gomez and Nurse Hirshop refused to provide him with a cane, and that Nurse Ellerbee harassed him about taking Tylenol #3.

Plaintiff states that he also suffers from seizures, tachycardia, heat sensitivity, high blood pressure, liver damage from hepatitis, and possibly liver cancer. (D.E. 1 at 8). He claims that, with these medical conditions, he is at an increased risk of "harm, personal injury, and death" when exposed to extreme heat. He claims that the Garza West Unit is not properly ventilated, and that defendants have refused to turn on the exhaust fans or to otherwise address the threats to his health. Id. at 8-9.

Finally, plaintiff alleges that, prior to his arrival at the Garza Unit, he had been taking Phenobarbital, 200 mgs a day, for over three months. He alleges that defendants stopped this medication on August 14, 2013, without the appropriate detoxification procedures. (D.E. 1 at 10). For relief, plaintiff is seeking compensatory and punitive damages. (D.E. 1 at 6). He also requests injunctive relief identified as hospitalization-

"surgery or operation", "morphine type and strength pain relief", and "effective-competent medical care-treatment." Id. at 5.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

Here, plaintiff complains that, upon his arrival at the Garza West Unit, he was not provided with strong-enough pain medication or a cane, and that he was not weaned properly from Phenobarbital. However, allegations of past harm do not constitute "impending harms" for purposes of § 1915(g). Abdul-Akbar, 239 F.3d at 315. Moreover, plaintiff does not suggest that defendants are presently denying him medical attention for his serious medical needs. To the contrary, plaintiff admits that he is being seen by medical personnel and he is receiving medication. The fact that plaintiff disagrees with the course of treatment or desires different medication does not equate with imminent physical harm for purposes of § 1915(g). Finally, to the extent plaintiff claims that the heat is exacerbating his medical conditions, he is being monitored by medical staff and those professionals can address his needs. There is no indication that plaintiff is in any type of danger to excuse him from the § 1915(g) three-strikes bar.

### IV.     Conclusion.

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to demonstrate that he is in imminent danger of physical harm. Accordingly, plaintiff's application for leave to proceed i.f.p. (D.E. 2) is DENIED, and this lawsuit is dismissed without prejudice. Plaintiff may move to reinstate this action, but only if the $400.00 filing fee is paid simultaneously with the motion to reinstate.

ORDERED this 2nd day of October, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE